# MINUTE ENTRY FOR CRIMINAL PROCEEDING

BEFORE MAG. JUDGE __Vera M. Scanlon__  DATE: __11/9/22__

DOCKET NUMBER: __22CR500(NM)__   Log #: __3:44 – 3:58__

DEFENDANT'S NAME: __Andrew Pagan__
✓ Present  ___ Not Present  ✓ Custody  ___ Bail

DEFENSE COUNSEL: __Karume James__
✓ Federal Defender  ___ CJA  ___ Retained

A.U.S.A.: __Eric Silverberg / John Enright__   CLERK: __Felix Chin__

INTERPRETER: _____ (Language) _____

✓ Defendant arraigned on the: ✓ indictment  ___ superseding indictment  ___ probation violation

✓ Defendant pleads NOT GUILTY to ALL counts.

___ DETENTION HEARING Held.  ✓ Defendant's first appearance.

- ___ Bond set at _____. Defendant ___ released ___ held pending satisfaction of bond conditions.
- ___ Defendant advised of bond conditions set by the Court and signed the bond.
- ___ Surety(ies) sworn, advised of bond obligations by the Court and signed the bond.
- ___ (Additional) surety/ies to co-sign bond by _____
- ___ After hearing, Court orders detention in custody. ___ Leave to reopen granted

___ Temporary Order of Detention Issued. Bail Hearing set for _____

✓ At this time, defense counsel states on the record that the defendant does not have a bail application / package. Order of detention entered with leave to reapply to a Magistrate or to the District Court Judge to whom the case will be assigned.

✓ Order of Excludable Delay/Speedy Trial entered. Start __11/9/22__ Stop __12/9/22__

✓ Rule 5f warnings given to the govt.  ✓ Medical memo issued.

___ Defendant failed to appear, bench warrant issued.

✓ Status conference set for __12/9/22__ @ __12:00__ before Judge __Morrison__

Other Rulings: _____

# United States District Court
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| Andrew Pagan | Case Number: 22 CR 500 (NM) |

In accordance with the Bail Reform Act. 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part 1 - Findings of Fact
___ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (State or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
 ___ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
 ___ an offense for which the maximum sentence is life imprisonment or death.
 ___ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
 ___ a felony that was committed after the defendant had been convicted of two or more prior federal offense described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
___ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
___ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).
___ (4) The defendant has not rebutted the presumption established by finding Nos.(1), (2) and (3) that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.

### Alternative Findings (A)
___ (1) There is probable cause to believe that the defendant has committed an offense
 ___ for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. §_____ .
 ___ under 18 U.S.C. §924(c).
___ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
___ (1) There is a serious risk that the defendant will not appear.

___ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention
I find that the credible testimony and information submitted at the hearing establishes by a *preponderance of the evidence/clear and convincing evidence* that no conditions will reasonably assure *defendant's appearance/the safety of the community* because
 ___ defendant lacks substantial ties to the community.
 ___ defendant is not a U.S. citizen and an illegal alien.
 ___ defendant has no stable history of employment.
 ___ defendant presented no credible sureties to assure his appearance.
 ✓ but leave is granted to reopen and present a bail package in the future.
 ___ defendant's family resides primarily in _____ .

_Δ has not rebutted the presumption of detention — [handwritten] given the charges & danger allegedly involved_

### Part III - Directions Regarding Detention
The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 11/9 , 20 22
Brooklyn, New York

_____
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------

UNITED STATES OF AMERICA

      -v-

Andrew Pagan
--------------------------------------------------------

APPLICATION AND
ORDER OF EXCLUDABLE DELAY

Case No. 22-CR-500

The United States of America and the defendant hereby jointly request that the time period from November 9, 2022 to December 9, 2022 be excluded from the computation of the time period within which

( )  an information or indictment must be filed, or (XW)
(✓)  trial of the charges against defendant must commence. (XC)

The parties seek the exclusion of the foregoing period because

( )  they are engaged in plea negotiations, which they believe are likely to result in a disposition of this case without trial, and they require an exclusion of time in order to focus efforts on plea negotiations without the risk that they would not, despite their diligence, have reasonable time for effective preparation for trial,
( )  they need additional time to prepare for trial due to the complexity of case,
(✓)  it will enable the parties to exchange discovery and explore plea negotiations

The defendant states that he/she has been fully advised by counsel of his/her rights guaranteed under the Sixth Amendment to the Constitution; the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74; the plan and rules of this Court adopted pursuant to that Act; and Rule 50(b) of the Federal Rules of Criminal Procedure. The defendant understands that he/she has a right to be tried before a jury within a specified time not counting periods excluded.

_____
Defendant

_____
Counsel for Defendant

_____
For U.S. Attorney, E.D.N.Y.
Eric Silverberg

The joint application of the United States of America and the defendant having been heard at a proceeding on the date below, the time period from 11/9/22 to 12/9/22 is hereby excluded in computing the time within which ( ) an information or indictment must be filed or (✓) trial must commence. The Court finds that this exclusion of time serves the ends of justice and outweigh the interests of the public and the defendant in a speedy trial for the reasons discussed on the record and because

(✓) given the reasonable likelihood that ongoing plea negotiations will result in a disposition of this case without trial, the exclusion of time will allow all counsel to focus their efforts on plea negotiations without the risk that they would be denied the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.
(✓) it will enable the parties to exchange discovery and explore plea negotiations

SO ORDERED.

Dated: Brooklyn, N.Y.
11/9 20 22.

_____
United States Magistrate Judge

# FINANCIAL AFFIDAVIT
### IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

CJA-23 (Rev 3/21)

**IN THE UNITED STATES** ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER (Specify Below)

IN THE CASE OF: United States v. Pagan

FOR:
AT:
LOCATION NUMBER:

**PERSON REPRESENTED** (Show your full name): Andrew Pagan

1. ☑ Defendant - Adult
2. ☐ Defendant - Juvenile
3. ☐ Appellant
4. ☐ Probation Violator
5. ☐ Supervised Release Violator
6. ☐ Habeas Petitioner
7. ☐ 2255 Petitioner
8. ☐ Material Witness
9. ☐ Other (Specify)

**DOCKET NUMBERS**
Magistrate Judge:
District Court:
Court of Appeals:

**CHARGE/OFFENSE** (Describe if applicable & check box): ☑ Felony   ☐ Misdemeanor

21 U.S.C. 841(a) and 841(b)(1)(A)

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

### INCOME & ASSETS

**EMPLOYMENT**
- Do you have a job? ☐ Yes ☑ No
- IF YES, how much do you earn per month? _____
- Will you still have a job after this arrest? ☐ Yes ☑ No ☐ Unknown

**PROPERTY** — Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $ | |
| Car/Truck/Vehicle | $ | |
| Boat | $ | |
| Stocks/bonds | $ | |
| Other property | $ | |

**CASH & BANK ACCOUNTS**
- Do you have any cash, or money in savings or checking accounts? ☐ Yes ☑ No
- IF YES, give the total approximate amount after monthly expenses $ _____

### OBLIGATIONS, EXPENSES, & DEBTS

How many people do you financially support? ____

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $ | $ |
| Groceries | $ | $ |
| Medical expenses | $ | $ |
| Utilities | $ | $ |
| Credit cards | $ | $ |
| Car/Truck/Vehicle | $ | $ |
| Childcare | $ 100 | $ |
| Child support | $ | $ |
| Insurance | $ | $ |
| Loans | $ | $ |
| Fines | $ | $ |
| Other | $ 50 | $ |

I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF DEFENDANT (OR PERSON SEEKING REPRESENTATION)

Date: 11/9/2022



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ANDREW PAGAN,<br>                      Defendant(s). | 22-CR-500 (NM)<br><br>ORDER |

VERA M. SCANLON, United States Magistrate Judge:

    This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

    The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

    As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*

2

SO ORDERED.

Dated: NOVEMBER 9, 2022
      BROOKLYN, NEW YORK

*Vera M. Scanlon*
United States Magistrate Judge

3